UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISON

FILED
2011 OCT 11 PM 2: 45
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

CASE NO.: 6:11-cv-1633-Orl-19GJK

REYNALDO SALAMAYA,

        Plaintiff,

vs.

MASTEC, INC.

        Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, REYNALDO SALAMAYA, (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel and sues the Defendant, MASTEC, INC. ("Defendant"), and states as follows:

### INTRODUCTION

1. This is an action by Plaintiff against his former employer for unpaid wages, pursuant to the Fair Labor Standards Act ("FLSA").

### JURISDICTION

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 201, et. seq. The Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. Section 216(b).

### VENUE

3. The venue of this Court over this controversy is proper based upon the claim arising in Seminole County, Florida.

## THE PARTIES

4. Plaintiff was employed by Defendant from approximately March 12, 2009 to September 21, 2011, at its business located in Longwood, Florida.

5. The Defendant, MASTEC, INC., maintains and operates a satellite installation business in Longwood, Florida. Defendant, MASTEC, INC., is an "employer" as defined by 29 U.S.C. Section 203(d). The Defendant, MASTEC, INC., has employees subject to the provisions of the FLSA, 29 U.S.C. § 206, in the facility where Plaintiff was employed.

6. Plaintiff was an employee of Defendant, MASTEC, INC., and at all times relevant to violations of the Fair Labor Standards Act was engaged in commerce as defined by 29 U.S.C. Sections 206(a) and 207(a)(1).

7. Defendant, MASTEC, INC., is an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. Section 203(s)(1).

8. Plaintiff reasonably believes Defendant, MASTEC, INC., is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

9. Plaintiff has retained LaBar & Adams, P.A. to represent him in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

## VIOLATION OF THE
## FAIR LABOR STANDARDS ACT

10. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 9, above.

11. Throughout the employment of Plaintiff, the Defendant repeatedly and willfully violated Section 7 and Section 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate at which he was employed for workweeks longer than forty (40) hours. Specifically, Plaintiff worked numerous weeks in

excess of forty (40) hours a week, yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he was employed.

12. Defendant failed to maintain and keep accurate time records as required by the Fair Labor Standards Act.

13. Defendant failed to post the required notice pursuant to the Fair Labor Standards Act.

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest in the event liquidated damages are not awarded;

(d) A reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues contained herein

Respectfully submitted,

Dated: 10/6/11

SCOTT C. ADAMS, ESQ.
Florida Bar No.: 0573442
Email: sadams@labaradams.com
N. RYAN LABAR, ESQ.
Florida Bar No.: 0010535
Email: rlabar@labaradams.com
LABAR & ADAMS, P.A.
1527 East Concord Street
Orlando, Florida 32803
(407) 835-8968 (phone)
(407) 835-8969 (facsimile)