# UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA ORLANDO DIVISION

REYNALDO SALAMAYA,

    Plaintiff,                                                    CASE NO: 6:11-cv-01633-PCF-GJK

vs.

MASTEC SERVICES COMPANY, INC.,

    Defendant.

_____/

## THE PARTIES' RENEWED MOTION TO APPROVE SETTLEMENT AGREEMENT

Plaintiff REYNALDO SALAMAYA ("Plaintiff") and Defendant MASTEC SERVICES COMPANY, INC. ("Defendant") (collectively referred to hereafter where appropriate as the "Parties"), by and through their respective undersigned counsel, hereby file this Renewed Motion to Approve Settlement Agreement. The following is stated in support:

**I.    STATEMENT OF FACTS**

1. On October 11, 2011, Plaintiff filed this civil action entitled *Reynaldo Salamaya v. MasTec, Inc. See* Docket Entry No. 1. On February 17, 2012, this Court granted Plaintiff's Unopposed Motion for Leave to File Amended Complaint substituting Mastec Services Company, Inc. for Mastec, Inc. as the Defendant . *See* Docket Entry No. 44.

2. Plaintiff's Amended Complaint asserts causes of action alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (the "FLSA"). *See* Docket Entry No. 45.

3. Defendant disputes Plaintiff's claims that there were any violations of the FLSA.

4. Nevertheless, on April 20, 2012, the parties were able to fully and completely resolve this matter.

5. The Parties agree that the settlement is a fair and reasonable resolution of the claims made by Plaintiff in this matter.

6. A written Settlement Agreement has been prepared that memorializes the terms of the settlement between Defendant and Plaintiff.

7. In accordance with the applicable requirements for settling an FLSA claim, on May 14, 2012 the Parties filed their initial Joint Motion to Approve Settlement, (*see* Doc. 69), which was subsequently denied without prejudice. (*See* Doc. 70).

8. In his Order, the Honorable Gregory Kelly instructed that "[i]f the parties renew the Motion, they shall either represent that they complied with Bonetti or Plaintiff's Counsel shall submit a time log and supporting affidavit…." (Doc. 70).

9. The Parties are complying with the dictates of the Court's Order, (Doc. 70), by hereby filing the Parties Renewed Motion to Approve Settlement Agreement with Plaintiff attaching the requisite affidavit and time log. (*See* Attached).

II. **ARGUMENT**

A. **Standard of Review.**

Pursuant to the case law of this Circuit, judicial review and approval of this tentative settlement is necessary to give it final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn,*

> "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."

*Id.* at 1352-53.

Before approving an FLSA settlement, the court must determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of fraud or collusion behind the settlement:
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits:
> (5) the range of possible recovery; and
> (6) the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. Jan. 8, 2007); *see also Hill v. Florida Industrial Elec., Inc.,* No. 6:06-cv-915-Orl-31JGG, 2007 U.S. Dist. LEXIS 9498, at *6, (M.D. Fla. Feb. 9, 2007);

*Pacheco v. JHM Enterprises, Inc., et al.,* No. 6:05-cv-1247-Orl-JGG, at *4 (M.D. Fla. Apr. 12, 2006). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at * 2-3*; see also Cotton v. Hinton.* 559 F.2d 1326, 1331 (5th Cir. 1977).

### B.     All of the Relevant Criteria Support Final Approval of the Settlement.

First, courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11-12 (M.D. Fla. Dec. 21, 2006). Here, Plaintiff was independently represented by counsel. Plaintiff was represented by Scott C. Adams, Esquire of Labar & Adams, P.A., and Defendant was represented by John T. Stembridge, Esquire, Scott A. Forman, Esquire, Jeffery B. Jones, Esquire, and Melanie A. Zaharias, Esquire of Littler Mendelson, P.C. All counsel involved have extensive experience in litigating claims under the Fair Labor Standards Act, including claims for unpaid overtime compensation. Each counsel was obligated to and did vigorously represent their clients' rights. Based on the amount to be paid to Plaintiff, it is clear that there was no fraud or collusion.

The complexity, expense, and length of future litigation also militate in favor of this settlement. Plaintiff and Defendants continue to disagree over the merits of the claim asserted by Plaintiff. Plaintiff contends Defendants did not maintain an accurate record of the hours he worked or pay him all the overtime compensation to which he was entitled under the FLSA. Defendant maintains that its time records are accurate and that Plaintiff has been compensated in accordance with the overtime requirements of the FLSA. If the parties

continued to litigate this matter, they would be forced to engage in costly and protracted litigation in order to prove their claims and defenses. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

Third, there has been sufficient investigation and exchange of information to allow counsel and the Court to act intelligently in this matter. The parties exchanged information regarding Plaintiff's hours and pay. In agreeing upon the proposed settlement, the parties had sufficient information and had conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion.

Plaintiff's probability of success on the merits and the amount he would be awarded is also uncertain, further suggesting that this settlement is fair and appropriate. Plaintiff asserts, and Defendant denies, he is owed overtime compensation due to Defendant's alleged violation of the FLSA. The range of possible recovery by Plaintiff is also open to dispute. Even if Plaintiff succeeds on the merits of his claims, which would require substantial additional time and exercise of resources by both parties, the amount of his recovery is uncertain.

The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorneys' fees. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *6-7, (M.D. Fla. Dec. 21, 2006); *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). In determining the reasonableness of attorneys' fees, the lodestar is generally recognized as a reasonable fee. *See City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992). The lodestar is calculated by multiplying the number of hours reasonably

expended by a reasonable hourly rate.  *See Helms* at 5.  Plaintiff's counsel has expended 132.8 hours in vigorously pursuing Plaintiff's claim.  (*See* Adams' Aff. at ¶ 9; Exhibit "A").  This Court has previously awarded Scott C. Adams, Esq. $250.00 per hour.  (*See* Adams' Aff. at ¶ 6)(citing *Steven Gray v. Golden Bear Day School, Inc., et al.,* Case No.: 6:08-cv-3-Orl-31KRS (M.D. Fla. 2008 (Docs. 31,32,33)("Based on factors outlined in *Johnson v. Ga. Highway Express, Inc.*, 448 F.2d 714 (5th Cir. 1974) the Court concluded that, based on existing precedent, a reasonable hourly rate for Mr. Adams should be set at $250.00 in this case.")(Presnell, J.); *Bailey v. Final Touch Acrylic Spray Decks, Inc.*, Case No.: 6:06-cv-1578-ORL-19JGG (M.D. Fla. 2008)(Doc. 75)(Fawsett, J.)(after a successful jury trial, the Court approved Lead Trial Counsel's fee application at $250.00 per hour); *Craine v. Central Florida Neurology, P.A., et al.*, 6:07-cv-1615-JA-GJK (M.D. Fla. 2008)(Orlando Division)(Docs. 13, 14, 21)(Court approved Lead Trial Counsel for $250.00 per hour rate).  Likewise, paralegal Ms. Judy Cane has expended 52.1 hours on Plaintiff's case.  (*See* Adams Aff. at ¶ 9)(Exhibit "A").   This Court has previously awarded Ms. Cane $95.00 per hour. (*See* Adams Aff. at ¶ 8)(citing *Chawn Hauser v. Hawthorne Development II Corporation.,* Case No. 6:07- cv-704-Orl-28KRS (M.D.Fla. 2007)(Doc. 14); *Harry Muller v. Total Protective Services, Inc., et.al.,* Case No.: 6:06-cv-1733-Orl-31KRS (M.D.Fla. 2006) (Doc. 26); *Steven Gray v. Golden Bear Day School, Inc., et.al.*, Case No.: 6:08-cv-9-Orl-31KRS (M.D.Fla. 2008)(Doc. 31, 33). Plaintiff also contends that the law firm of LaBar & Adams, P.A. has also expended $2,603.30 in costs in Plaintiff's case. (*See* Adams' Aff. at ¶11).  Thus, the total attorney fees and costs earned in the matter are $40,752.80.  By way of settlement, Plaintiff's counsel will receive attorney's fees and costs in the amount of

$13,500.00.  The attorney's fees and costs were compromised for the same reasons Plaintiff's underlying claim was compromised.  The Parties agree that the amount received by Plaintiff as attorney's fees and costs are reasonable under the circumstances of this case.

## CONCLUSION

The settlement terms are fair, reasonable and adequate. Accordingly, the parties respectfully request that the Court grant this Joint Motion for Approval of the Settlement and enter a Final Order of Dismissal in this action.

DATED this 29th day of May, 2012.

**[PAGE INTENTIONALLY LEFT SHORT]**

Respectfully submitted,

| | |
|---|---|
| */s/ Scott C. Adams, Esq.*<br>Scott C. Adams, Esq.<br>Florida Bar No.: 0573442<br>Email:  sadams@labaradams.com<br>N. Ryan Labar, Esq.<br>Florida Bar No. : 0010535<br>Email:  rlabar@labaradams.com<br><br>LABAR & ADAMS, P.A.<br>1527 East Concord Street<br>Orlando, Florida 32803<br>Tel:  (407) 835-8968<br>Fax:  (407) 835-8969<br><br><br>Counsel for Plaintiff | */s/ John T. Stembridge, Esq.*<br>John T. Stembridge, Esquire<br>*(Admitted Pro Hac Vice)*<br>Georgia Bar No. 678605<br>Email:  jstembridge@littler.com<br><br>LITTLER MENDELSON, P.C.<br>3344 Peachtree Road, Suite 1500<br>Atlanta, Georgia 30326<br>Tel:  (404) 233-0330<br>Fax: (404) 759-2050<br><br>Melanie A. Zaharias, Esq.<br>Florida Bar No. : 36828<br>Email:  mzaharias@littler.com<br>Jeffrey B. Jones, Esq.<br>Florida Bar No. : 0039950<br>Email:  jbjones@littler.com<br><br>LITTLER MENDELSON, P.C.<br>111 North Magnolia Ave., Suite 1250<br>Orlando, Florida 32801<br>Tel:  (407) 393-2900<br>Fax: (407) 393-2929<br><br><br>Scott A. Forman<br>Florida Bar No. : 0065950<br>Email:  sforman@littler.com<br><br>LITTLER MENDELSON, P.C.<br>2 South Biscayne Boulevard<br>Suite 1500<br>Miami, Florida  33131-1804<br>Tel:  (305) 400-7500<br>Fax: (305) 603-2552<br><br>Counsel for Defendant |